# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANUEL ALCALA FARIAS,<br><br>　　　　Plaintiff,<br>vs.<br><br>SHERIFF'S AGENCY, KERN COUNTY SUPERIOR JUDGE,<br><br>　　　　Defendants.<br>_____/ | Case No. 1:08-cv-00279- OWW-TAG<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS CASE FOR FAILURE TO COMPLY WITH A COURT ORDER<br>(Doc. 4) |

　　On February 27, 2008, Plaintiff Manuel Alcala Farias, ("Plaintiff"), a non-prisoner proceeding in forma pauperis, filed a pro se civil complaint, which the Court construes as a civil rights complaint, 42 U.S.C. § 1983. (Docs. 1, 2). On March 24, 2008, the undersigned screened Plaintiff's complaint pursuant to 28 U.S.C. § 1915e(2)(B) and found that it failed to allege and show that Defendants' acts or omissions caused the deprivation of his constitutionally protected rights. (Doc. 4). The Court dismissed the complaint, but granted Plaintiff an opportunity to file an amended complaint within thirty days. (Id.). On April 7, 2008, the Plaintiff filed what appears to be an objection to the Court's March 24, 2008 order. (Doc. 5). Plaintiff, however, has yet to file an amended complaint and thus, failed to comply with the March 24, 2008 order.

　　Local Rule 11-110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where

1

appropriate . . . dismissal of a case." Thompson v. Housing Authority of City of Los Angeles, 782 F.2d 829, 831 (9th Cir. 1986).

In determining whether to dismiss an action for failure to obey a court order, the Court must consider: (1) the public's interest in an expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988).

In the instant case, the Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal. The third factor, risk of prejudice to Defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air West, Inc., 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor – public policy favoring disposition of cases on their merits – is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a party that failure to comply with the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992); Malone v. U.S. Postal Service, 833 F.2d 128, 132-133 (9th Cir. 1987); Henderson, 779 F.2d at 1424. The Court's March 24, 2008 order expressly stated: "**Plaintiff's failure to comply with this order will result in a recommendation to dismiss this action. Local Rule 11-110.**" (Doc. 4) (emphasis in original).   Thus, Plaintiff had adequate warning that dismissal would result from his noncompliance with the Court's order.

## RECOMMENDATIONS

Accordingly, the Court HEREBY RECOMMENDS that this action be DISMISSED, without prejudice, for Plaintiff's failure to comply with the Court's March 24, 2008 order.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Local Rule 72-304. Within fifteen (15) days after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. Such a document should be captioned "Objections to

1 | Magistrate Judge's Findings and Recommendations."  The District Judge will then review the
2 | Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure
3 | to file objections within the specified time may waive the right to appeal the District Judge's order.
4 | <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

7 | IT IS SO ORDERED.
8 | Dated:  **June 6, 2008**                              **/s/ Theresa A. Goldner**
                                                          UNITED STATES MAGISTRATE JUDGE